JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GARY SIZEMORE, | No. CV 09-05463-MMM (PLA) |
| Petitioner, | |
| v. | **ORDER RE: SUMMARY DISMISSAL OF SUCCESSIVE PETITION** |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

On July 27, 2009, petitioner filed a "Petition to Set Aside Judgment due to Withholding of Exculpatory Evidence," which the Court construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition appears to challenge petitioner's 2000 conviction in the Los Angeles County Superior Court in Case No. GA040018. (See Petition at 1; see also Petition, Exhibits D, F).

On July 14, 2004, petitioner filed a prior habeas petition in this Court, Case No. CV 04-5360-MMM (PLA), in which he challenged his 2000 conviction in the same Superior Court case that he challenges herein. The 2004 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on April 15, 2005. A request for a certificate of appealability was denied by this Court on July 15, 2005, and by the Ninth Circuit Court of Appeals on November 22, 2005.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2004 federal habeas challenge, petitioner raised the following claims: (1) a defect in the jury instructions violated petitioner's right to due process; (2) there was insufficient "corroboration" evidence to support a conviction for solicitation; (3) the trial court erred by admitting evidence of petitioner's prior acts; and (4) petitioner was denied his right to "effective cross examination of a witness" because the witness was allowed to use an interpreter to testify. (See Report and Recommendation in Case No. CV 04-5360-MMM (PLA), entered March 15, 2005, at p. 5). As mentioned above, the action was dismissed on the merits and with prejudice. (See Report and Recommendation in Case No. CV 04-5360-MMM (PLA), entered March 15, 2005, at pp. 1-22; see also Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on April 15, 2005).

1   In the instant Petition, it appears that petitioner is setting forth a claim of prosecutorial
2 misconduct -- i.e., that the district attorney withheld exculpatory evidence from petitioner in
3 violation of his right to due process -- that was not presented in the earlier federal habeas action.
4 (See Petition at 1-16).  However, even if petitioner were asserting that he should be permitted to
5 file a successive petition under 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), and petitioner's
6 claims in the instant Petition in fact satisfied a provision of 28 U.S.C. § 2244(b)(2), "[b]efore a
7 second or successive application permitted by this section is filed in the district court, the applicant
8 shall move in the appropriate court of appeals for an order authorizing the district court to consider
9 the application." 28 U.S.C. § 2244(b)(3)(A).  There is no indication in the instant Petition, or in the
10 overall record, that petitioner obtained such authorization from the Ninth Circuit.  See Burton v.
11 Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner
12 to receive authorization from the Court of Appeals before filing a second habeas petition).

13   On July 29, 2009, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of
14 Successive Petition.  Petitioner was advised therein that a review of his Petition indicated that it
15 was successive, and he was ordered to show cause why his Petition should not be dismissed on
16 that basis.  Specifically, petitioner was advised that unless he submitted documentation to the
17 Court on or before August 19, 2009, showing that he filed a motion in the Ninth Circuit for an order
18 authorizing the District Court to consider a successive petition and that the Ninth Circuit issued
19 such an order, the Petition would be dismissed without prejudice.  The Court has not received any
20 such documentation from petitioner, or any response whatsoever to the Order to Show Cause.
21 As such, the Court finds that it is without jurisdiction to entertain the instant Petition under 28
22 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district
23 court may not, in the absence of proper authorization from the court of appeals, consider a second
24 or successive habeas application.'").

25 /
26 /
27 /
28 /

3

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition. IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice**.

DATED: October 30, 2009

*Margaret M. Morrow*

HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE